UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL STEVEN HOLDER, #232786,**

        **Petitioner,**

v.                            **Case No. 2:04-CV-73245-DT**
                                   **Honorable Victoria A. Roberts**
                                   **Magistrate Judge Donald A. Scheer**

**CARMEN PALMER,**

        **Respondent.**

_____

### OPINION AND ORDER DENYING
### PETITION FOR WRIT OF HABEAS CORPUS

      This matter is before the court on Petitioner Michael Steven Holder's *pro se* "Application for Writ of Habeas Corpus" pursuant to 28 U.S.C. §2254, filed on August 23, 2004.  Respondent filed his "Answer in Opposition to Petition for Writ of Habeas Corpus" on March 8, 2005.  On March 30, 2005, Petitioner filed a "Reply Brief in Support of Petition for Writ of Habeas Corpus." Petitioner also filed a "Supplement to Reply Brief in Support of Petition for Writ of Habeas Corpus" on May 20, 2005.  For the reasons stated below, the court will deny the Petition.

## I. INTRODUCTION

      On December 3, 2001, in Bay County Circuit Court, Petitioner was convicted in a jury trial of sexual penetration with an uninformed partner by a person infected with acquired immunodeficiency syndrome (AIDS), in violation of MCL §333.5210.  Petitioner was sentenced to one hundred twenty to one hundred eighty months  imprisonment.[1]

_____

[1]The Michigan Court of Appeals erroneously states Petitioner's sentence term as "80 to 120 months' imprisonment."

Petitioner challenges the legality of his conviction and raises three issues for the Court's review: (1) whether the Petitioner received ineffective assistance of counsel when his attorney failed to challenge biased jurors for cause and when he failed to object to the trial court's imposition of sentence as it exceeded the statutory guidelines; (2) whether the trial judge erred in failing to recuse himself when he sentenced the Petitioner on a separate charge in 1993 and warned the Petitioner at that time that if he got out of prison and committed another felony, he could face life imprisonment; and (3) whether the trial court erred in departing from the statutory sentencing guidelines when imposing sentence upon the Petitioner.

Respondent's argument is three-fold: (1) Petitioner's ineffective assistance of counsel claims are procedurally defaulted and lack merit; (2) the trial court did not err in failing to recuse itself as its decision to deny Petitioner relief was based upon an objectively reasonable application of clearly established Supreme Court law; and (3) Petitioner's sentencing issue is not a cognizable habeas claim upon which this Court can grant relief.

## II.  <u>BACKGROUND</u>

The prosecutor's position was that the Petitioner, knowing he was infected with the HIV virus, engaged in sexual relations with the complainant without informing her before the fact. (Trial Transcript, Vol. II, pp. 116-20). The Petitioner claims that although he had knowledge of his HIV status prior to having sex with the complainant, he told her before they engaged in sexual relations that he was HIV infected; and that the complainant's motive for making these untrue allegations was retaliatory due to her own insecurities about their relationship. (Trial Transcript, Vol. II, pp. 120-23; Trial Transcript, Vol. IV, pp. 17-24). The complainant ultimately contracted the HIV virus, became pregnant and ceased contact with the Petitioner. (Trial Transcript, Vol. II, pp. 128,

2

132).  However, approximately one year later, Petitioner and the complainant reconciled.  (Trial Transcript, Vol. II, pp. 133-34).  After their reconciliation and her prison visits with the Petitioner, the complainant recanted her testimony and changed her recitation of events to reflect that the Petitioner did inform her of his HIV status before they engaged in sexual relations and that she was aware of the consequences of having sex with the Petitioner in his medical condition. (Trial Transcript, Vol. III, pp. 6-13).

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and raised three issues:   (1) whether the Petitioner received ineffective assistance of counsel when his attorney failed to challenge biased jurors for cause and when he failed to object to the trial court's imposition of sentence as it exceeded the statutory guidelines; (2) whether the trial judge erred in failing to recuse himself when he sentenced the Petitioner on a separate charge in 1993 and warned the Petitioner at that time that if he got out of prison and committed another felony, he could face life imprisonment; and (3) whether the trial court erred in departing from the statutory sentencing guidelines when imposing sentence upon the Petitioner.

On the same day Petitioner filed his brief in support of appeal on September 13, 2002, he also filed a "Motion to Remand" with the Michigan Court of Appeals relative to the ineffective assistance of counsel (i.e., *Ginther*[2] hearing) and sentencing issues.  On October 25, 2002, the motion was denied.  On November 14, 2002, the prosecutor filed her own remand motion relative to the issue of re-sentencing.  The motion was granted and on remand, Petitioner was re-sentenced to 7½ to 15 years on February 5, 2003. A supplemental brief was filed by the Petitioner after the remand with

---

[2]*People v. Ginther,* 390 Mich. 436; 212 N.W.2d 922 (1973)

3

the Court of Appeals on April 30, 2003 relative to another sentencing issue.  However, on September 16, 2003,  in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's conviction and sentence.  *People v. Holder,* No. 238501, 2003 WL 22138282 (Mich. Ct. App. Sept. 16, 2003) (per curiam).

Petitioner filed a "Motion for Reconsideration" on September 30, 2003, but it was denied on October 27, 2003.  Appealing the Michigan Court of Appeals' decision affirming his conviction, Petitioner filed an "Application for Leave to Appeal" with the Michigan Supreme Court, which raised the same issues as those presented before the Court of Appeals.  Petitioner's "Application" was denied on April 9, 2004.  *People v. Holder,* 469 Mich. 1036; 677 N.W.2d 328 (Table) (Mich. Apr. 9, 2004).  However, Justice Marilyn J. Kelly wrote a dissenting opinion; and Justice Michael F. Cavanaugh concurred.  In the dissent, Justice Kelly stated that she would have remanded the case pursuant to *People v. Ginther,* 390 Mich. 436; 212 N.W.2d 922 (1973).  Based upon her review of the voir dire record, she stated as follows:

> . . . [i]t is a serious question whether one could reasonably expect these jurors to judge the case fairly.  In my view, the failure of defense counsel to challenge these jurors appears to show that she "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  While it may be conceivable that she had good reason for failing to challenge these jurors, none is apparent from what has been presented to the Court.  Therefore, I would remand this case for a *Ginther* hearing.

*Id.*

On August 23, 2004, Petitioner filed an "Application for Writ of Habeas Corpus," which is presently before the court.

4

## III.  <u>STANDARD OF REVIEW</u>

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

*28 U.S.C. § 2254(d); Harpster v. State of Ohio,* 128 F.3d 322, 326 (6th Cir.1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 412-413 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id. at 413.*  "Avoiding these pitfalls does not require citation of [Supreme Court] cases-indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Parker,* 537 U.S. 3, 8 (2002). *(per curiam opinion)* (emphasis in original). "Furthermore, state findings of fact are

5

presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. §2254 (e)(1)." *Baez v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004).

## IV.  DISCUSSION

### A. Ineffective Assistance of Trial Counsel Claims

Petitioner alleges that he is entitled to habeas relief because defense counsel was ineffective for failing to do the following: (1) challenge five jurors who expressed disapproval of interracial relationships and with non-Caucasian individuals relative their participation in criminal activity;[3] and (2) challenge the trial court's imposition of sentence.

#### 1. Procedural Default

The Michigan Court of Appeals stated in its opinion that Petitioner failed to preserve the issue of ineffective assistance of counsel for appellate review. Therefore, the issue was reviewed under a plain error analysis. Specifically, the Court of Appeals stated that "[d]efendant failed to bring a motion for a *Ginther* hearing or for a new trial; therefore, this issue is reviewed for plain error." *People v. Holder,* No. 238501, 2003 WL 22138282, *1 (Mich. Ct. App. Sept. 16, 2003)(per curiam). Therefore, this Court would necessarily find that Petitioner's failure to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, such as in this case, bring a motion for a *Ginther* hearing or a motion for a new trial, constitutes a procedural default of his ineffective assistance of counsel claims. See *United States v. Frady,* 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir. 1996).

In all cases in which a state prisoner has defaulted his federal claims in state court

---

[3]In this case, the Petitioner is black and the complainant is Caucasian.

pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

However, the Court does not agree that Petitioner's ineffective assistance of counsel claims should be procedurally defaulted. As set forth above, Petitioner filed a "Motion to Remand," which included the issue of whether trial counsel was ineffective for failing to challenge certain jurors, on the same day as the brief in support of his appeal of right was filed. The Court of Appeals denied Petitioner's Motion seeking relief relative to the ineffective of assistance of counsel issue approximately 11 months before the appellate court rendered a decision on Petitioner's appeal. Therefore, the Court finds that Petitioner filed his remand motion in a timely fashion so as to develop the existing record at the time relative to an issue which potentially affected Petitioner's substantial rights. See *People v. Snider,* 239 Mich. App. 393, 423; 608 N.W.2d 502 (2000). Accordingly, the Court will review Petitioner's ineffective assistance of counsel claim with the underlying basis being trial counsel's failure to challenge certain jurors.

However, regarding the underlying basis of Petitioner's ineffective assistance of counsel claim relative to his attorney's failure to object to the trial court's imposition of sentence, the Court finds that Petitioner has abandoned that issue and will not address its merit. See *Jackson v. Jackson,* No. 04-CV-72932, 2006 WL 2540951 (E.D. Mich. Aug. 30, 2006) (Hood, J); *People v. Smith,* 439 Mich. 954, 954; 480 N.W.2d 908 (1992). Petitioner failed to explain the basis for his claim and further failed to brief the issue. *Id.* Petitioner merely made the statement of ineffective assistance of counsel

on that basis in a sub-heading in his habeas petition as an alternative argument to the trial court's error for imposing the alleged excessive sentence.

### a. *Juror Challenge*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id* . "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir.1996) (quoting *Strickland*, 466 U.S. at 686).

8

Applying the *Strickland* standard, where the partiality of a particular juror is at issue, the relevant question is "did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestations of impartiality have been believed." *Patton v. Yount,* 467 U.S. 1025, 1036 (1984). Trial counsel "is granted deference when conducting *voir dire.*" *Miller v. Webb,* 385 F.3d 666, 672 (6th Cir. 2004). Therefore, even if this Court were to find that trial counsel's failure to challenge certain jurors constituted deficient performance, the Petitioner must still show that the jurors were actually biased against him in order to establish prejudice from his attorney's failure to strike or challenge the prospective jurors. *Johnson ve. Luoma,* 425 F.3d 318, 328 (6th Cir. 2005). "Actual bias" is "bias in fact" and focuses on the record at *voir dire. Id.* at 326. However, "[a] juror's express doubt as to her own impartiality on *voir dire* does not necessarily entail a finding of actual bias." *Hughes v. United States,* 258 F.3d 453; 458 (6th Cir. 2001). The Supreme Court has upheld the impaneling of jurors who had doubted, or disclaimed outright, their own impartiality on *voir dire.*" *Id.* at 458. The Supreme Court has enumerated various factors to be considered in determining whether a juror has a bias that would warrant being dismissed from the jury panel. *Murphy v. Florida,* 421 U.S. 794, 800 (1975).

The factor of relevance to this case is "any express indications of partiality by a juror." *Id.* It is Petitioner's position that five jurors expressed "indications of partiality" in their jury questionnaires by indicating their disapproval of interracial relationships and views regarding non-Caucasian individuals being responsible for most of the criminal acts committed in this community.[4]

---

[4]**Juror Loveless** stated in her questionnaire that she found interracial relationships to be "unacceptable" and that she would not be involved in such a relationship. When asked by the trial court about her statements, she stated that her views would not affect how she would decide in this case. (Trial Transcript, Vol. II, pp. 5-6). **Juror Flynn** indicated in her questionnaire: that

The subject jurors in this case in fact made comments in their questionnaires that suggested opposition to mixed-race relationships and a bias against black men.  However, case law provides that "it is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Miller v. Webb,* 385 F.3d at 673, citing *Irvin v. Dowd,* 366 U.S. 717, 723 (1961).  Each of the above stated jurors stated under oath and on the record that they could set aside their opinions and decide the case on the evidence despite their views on interracial relationships.  Only Juror Flynn expressed unfavorable opinions about non-Caucasian men relative

---

her brother was a victim of violence (i.e., robbery) by an Hispanic male, that sometimes she views non-Caucasian individuals as being below her standards because of the crimes that they commit, that she thought black men expressed hatred and revenge with violent acts more so than men of other races, and that Petitioner is a "horney coward" **if** he committed this crime.  When asked by the court about these statements, she  stated that she believed "everyone's innocent until proven guilty" and the fact that the Petitioner is black will not affect her ability to be impartial.  (Trial Transcript, Vol. II, pp. 8-11, 78).  **Juror Coppinger** stated on her questionnaire that she did not favor interracial relationships for herself because of all of problems that are associated with such a relationship.  When asked about her comments by the trial court, the juror stated that her views were relative to she and her family and that those opinions would not influence her decisions relative to this case.  (Trial Transcript, Vol. II, pg. 11).  **Juror Moore** stated in her questionnaire that although she had no problem with people deciding to engage in interracial relationships, she thought that the notion of such couples having children was not a good idea because of the confusion the children may have about who they are and the ridicule they may encounter from others.  When asked by the court whether her views would affect her verdict, she stated that she was positive that she could be fair and impartial and that her decision regarding this matter would not be affected by her opinion.  (Trial Transcript, Vol. II, pp. 18, 20).  **Juror Heaslip** stated in her questionnaire that she believed the Petitioner was guilty based upon the charges lodged against him.  However, when the court asked her about her statements, she stated that she mis-read the question and that she could not deem anyone guilty until after she heard all of the evidence.  (Trial Transcript, Vol. II, pp. 20-21).  She also said that "everybody's innocent until proven guilty." *Id.*

10

to the commission of crimes in society in her questionnaire; and ultimately she also stated that she could put those opinions aside in order to assist in rendering a fair decision in this case.

Moreover, decisions on whether to accept or strike certain jurors are matters of trial strategy. *LaPine v. Renico,* 2006 WL 89862, *3 (W.D. Mich. Jan. 12, 2006) (Enlsen, J). It is well-established that the courts will not second guess counsel on matters of trial strategy. *Strickland v. Washington*, 466 U.S. at 690. It is an extremely rare case where a defense counsel's failure to challenge a juror may form the basis for a claim of ineffective assistance of counsel. *People v. Robinson*, 154 Mich. App. 92, 95; 397 N.W.2d 229 (1986) ("Our research has found no case in Michigan where defense counsel's failure to challenge a juror or jurors has been held to be ineffective assistance of counsel. We cannot imagine a case where a court would so hold, and we do not so hold in this case."); See also, *People v. Snyder,* 250047, 2004 WL 2072410 *3 (Mich. App. Sept. 16, 2004). Jurors are presumed to be competent and impartial, and the burden of proving otherwise is on the party seeking disqualification. *People v. Walker,* 162 Mich. App. 60, 63; 412 N.W.2d 244 (1987).

The Petitioner offers no evidence that any member of the jury judged his case unfairly. No "actual bias" or "bias in fact" has been shown on the record in accordance with United States Supreme Court and federal law and the foregoing facts. Therefore, the Michigan Court of Appeals' decision to affirm Petitioner's conviction relative to this issue was neither contrary to nor an unreasonable application of the relevant law regarding the issue of whether an attorney's representation can be deemed deficient for failing to challenge prospective jurors. Accordingly, habeas relief is not warranted on this claim.

11

B. <u>Recusal of Trial Judge Claim</u>

Petitioner contends that the trial judge in this case made statements to him in a prior and unrelated proceeding in 1993 wherein the trial judge purportedly stated as follows:

> And also . . . you've got a felony record enough that if you come out of prison after these sentences and commit another felony or felonies, you're probably . . . going to get sentenced to life imprisonment and you will no - you will not have any chance of making any life for yourself or having any life with your wife and your new children.

(*Petitioner's "Brief on Appeal" pg. 21*) (citations omitted).  Further, Petitioner states that the following:

> Despite a probation agent recommendation of a 4-15 year prison sentence . . . Judge Bielawski imposed the maximum allowable prison sentence of 10-15 years.  Judge Bielawski gave the following explanation for the sentence:

> The court will consider the tape played here in the courtroom in relation to all the other evidence and information in this case.  As noted, the defendant comes before this Court with a conviction on burglary.  In addition, he's got seven counts of armed robbery, a conviction of retail fraud – second offense, another conviction of retail fraud as a fourth felony offender, entering without breaking as a fourth felony offender, the use of cocaine.  Also, the defendant's actions put the victim, a mother of three children, in potentially grave danger.

(*Petitioner's "Brief on Appeal" pg. 22*) (citations omitted).   Therefore, it is Petitioner's contention that the trial judge was predisposed to  impose upon the Petitioner the maximum sentence of 10-15 years because of his prior record and history with the Petitioner.  Petitioner asserts that this prejudgment constitutes a bias against him; and the trial judge should have recused himself from this matter so that Petitioner would not have received such an unfair sentence.

To state a claim that a judge is biased, a petitioner must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias.  *United States v. Lowe,* 106 F.3d 1498, 1504 (10th Cir. 1997).  Adverse rulings are not themselves sufficient to establish bias or prejudice which will disqualify a judge.  *Hence v. Smith,* 49 F.Supp.2d 547, 549 (E.D. Mich. 1999).

12

The Petitioner's above stated claim of bias in this case is insufficient to substantiate an assertion of judicial bias warranting habeas relief. The Supreme Court has made clear that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for deep-seated favortism or antagonism that would make a fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994). The record in this case does not reveal any deep-seated antagonism or bias on the part of the trial judge. Accordingly, habeas relief is not warranted on this claim.

**C.  Sentencing Claim**

Petitioner asserts that his original sentence of one hundred twenty to one hundred eighty months (i.e., ten to fifteen years) was disproportionate, an upward departure from the minimum sentencing guidelines and a violation of his due process rights. The Court declines to review this issue on the merits for three reasons.

First, Petitioner's assertion that his sentence is disproportionate under state law fails to state a claim for federal habeas relief. See *Austin v. Jackson*, 231 F.3d 298, 300 (6th Cir.2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Atkins v. Overton*, 843 F.Supp. 258, 260 (E.D.Mich.1994). It is well-established that habeas relief does not lie for perceived errors of state law. See, e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. See *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.1987). There is also no federal constitutional right to individualized sentencing. See *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir.1995). Petitioner has failed to state a claim upon which habeas relief may be granted as to this issue.

Second, Petitioner relatedly asserts that he is entitled to habeas relief because the trial court did not have substantial and compelling reasons to justify an upward departure from the minimum sentencing guidelines. As noted, claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. See *Lucey v. Lavigne*, 185 F.Supp.2d 741, 745 (E.D.Mich.2001). Petitioner's claim that the trial court erred in departing above the guideline range is not cognizable on federal habeas review because the sentencing court's decision to go above the statutory guidelines does not implicate the Due Process Clause. See *McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D.Mich.2006); *Robinson v. Stegall*, 157 F.Supp.2d 802, 823 (E.D.Mich.2001). Therefore, any error in departing above the guideline range does not merit federal habeas relief.

Finally, the Court finds this sentencing issue to be moot. As set forth above, Petitioner filed a "Motion to Remand" with the Michigan Court of Appeals regarding this very issue; and on February 7, 2003, the appellate court reduced Petitioner's sentence to 7½ to 15 years. The sentence reduction may not have been as drastic as the Petitioner would have liked, but it is a reduction nonetheless which constitutes judicial relief already having been granted relative to this issue.

## V.  <u>CONCLUSION</u>

For the reasons stated above, **IT IS ORDERED** that the "Application for Writ of Habeas Corpus" [Doc. #1, filed August 23, 2004] is **DENIED**.

14

**IT IS FURTHER ORDERED THAT** Petitioner's Motion for Immediate Release from

Custody [Doc. #27, filed February 13, 2007] is **DENIED** as **MOOT.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 7, 2007

The undersigned certifies that a copy of this
document was served on the attorneys of record
and pro se petitioner by electronic means or U.S.
Mail on March 7, 2007.

S/Carol A. Pinegar
Deputy Clerk

15