**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL STEVEN HOLDER, #232786,**

    **Petitioner,**

v.                                                          Case No. 2:04-CV-73245-DT
                                                                  Honorable Victoria A. Roberts
                                                                Magistrate Judge Donald A. Scheer

**CARMEN PALMER,**

    **Respondent.**
_____

**OPINION & ORDER DENYING REQUEST FOR A CERTIFICATE
OF APPEALABILITY AND GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS***

**I. Introduction**

On March 7, 2007, the Court filed an Opinion and Order and entered a Judgment Denying Petition for Writ of Habeas Corpus. Petitioner subsequently filed a "Motion for Certificate of Appealability" with the Court on March 22, 2007. Under 28 U.S.C. §2253, an appeal may not be taken to the court of appeals from the final order in a §2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. *28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. §2253(C); Fed. R. App. P. 22(b)*.

**II. Statement of Substantive Facts**

On December 3, 2001, in Bay County Circuit Court, Petitioner was convicted in a jury trial of sexual penetration with an uninformed partner by a person infected with acquired immunodeficiency syndrome (AIDS), in violation of MCL §333.5210.

Petitioner challenged the legality of his conviction and raised three issues for the Court's

review: (1) whether the Petitioner received ineffective assistance of counsel when his attorney failed to challenge biased jurors for cause and when he failed to object to the trial court's imposition of sentence as it exceeded the statutory guidelines; (2) whether the trial judge engaged in judicial misconduct which should have resulted in his recusal; and (3) whether the trial court erred in departing from the statutory sentencing guidelines when imposing sentence upon the Petitioner.

The convictions arose from the complainant's allegations that Petitioner, knowing he was infected with the HIV virus, engaged in sexual relations with her without informing the complainant before the fact. The Petitioner claimed that although he had knowledge of his HIV status prior to having sex with the complainant, he told the complainant before they engaged in sexual relations that he was HIV infected. The complainant ultimately contracted the HIV virus, became pregnant and ceased contact with the Petitioner. However, approximately one year later, Petitioner and the complainant reconciled. After their reconciliation and her prison visits with the Petitioner, the complainant recanted her testimony and changed her recitation of events to reflect that the Petitioner did inform her of his HIV status before they engaged in sexual relations and that she was aware of the consequences of having sex with the Petitioner in his medical condition.

Petitioner was sentenced to 120 - 180 months imprisonment. After Petitioner's exhaustion of appellate rights through the state courts and the denial by this Court of Petitioner's request for habeas relief, Petitioner has filed a request for a ruling on his "Motion for Certificate of Appealability."

### III. **Standard of Review for Issuance of Certificate of Appealability**

In order to obtain a Certificate of Appealability relative to claims that are not procedurally defaulted, a prisoner must make a substantial showing of the denial of a constitutional right. *28 U.S.C. § 2253(c)(2)*. To demonstrate this denial in cases where the issues are not procedurally defaulted, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition for habeas relief should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000). In instances where the issues are procedurally defaulted, a certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. The Court must either issue a Certificate of Appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. *Fed. R. App. P. 22(b)*. When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Slack v. McDaniel,* 529 U.S. at 484.

Upon review of the pleadings and the record in this mater, the Court finds that Petitioner has failed to show that the issues raised by Petitioner in support of his request for habeas relief warrant the issuance of a Certificate of Appealability in this matter. Therefore, Petitioner's Request for Certificate of Appealability is denied.

**IV. Law & Analysis**

Petitioner raises three issues, two of which are related to the encompassing issue of ineffective assistance of counsel, wherein he asserts that his constitutional rights have been violated. It is upon these claims that Petitioner contends that his "Motion for a Certificate of Appealability" should be granted.

### A. Challenging Biased Jurors for Cause

The subject jurors in this case made comments in their questionnaires that suggested an opposition to mixed-race relationships and a bias against black men. However, case law provides that "it is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." " *Miller v. Webb,* 385 F.3d 666, 673 (6th Cir. 2004), citing *Irvin v. Dowd,* 366 U.S. 717, 723 (1961). Each of the jurors at issue stated under oath and on the record that they could set aside their opinions and decide the case on the evidence despite their views on interracial relationships. Only one juror expressed unfavorable opinions about non-Caucasian men relative to the commission of crimes in society in her questionnaire; and ultimately she also stated that she could put those opinions aside in order to assist in rendering a fair decision in this case.

Decisions on whether to accept or strike certain jurors are matters of trial strategy. *LaPine v. Renico,* 2006 WL 89862, *3 (W.D. Mich. Jan. 12, 2006) (Enlsen, J). It is well-established that the courts will not second guess counsel on matters of trial strategy. *Strickland v. Washington*, 466 U.S. at 690. It is an extremely rare case where a defense counsel's failure to challenge a juror may form the basis for a claim of ineffective assistance of counsel. *People v. Robinson,* 154 Mich. App. 92, 95; 397 N.W.2d 229 (1986) ("Our research has found no case in Michigan where defense counsel's failure to challenge a juror or jurors has been held to be ineffective assistance of counsel. We cannot imagine a case where a court would so hold, and we do not so hold in this case."); See also, *People*

4

*v. Snyder,* 250047, 2004 WL 2072410 *3 (Mich. App. Sept. 16, 2004). Jurors are presumed to be competent and impartial, and the burden of proving otherwise is on the party seeking disqualification. *People v. Walker,* 162 Mich. App. 60, 63; 412 N.W.2d 244 (1987).

The Petitioner offers no evidence that these jurors were "actually" biased, nor that they were untruthful when each of these jurors stated that he or she could be impartial and decide the case on the facts. See, *United States v. Bishop,* 264 F.3d 535, 554 (5th Cir. 2001). Furthermore, Petitioner has not demonstrated any "implied" bias since each of these jurors disclosed their thoughts and opinions about these relative inter-racial and racial issues instead of concealing or being untruthful about these matters.

Accordingly, the Court finds that trial counsel's trial strategy in not challenging the above referenced jurors is not a decision that reasonable jurists would find debateable or wrong. Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. As a result, this issue is not certifiable for appeal.

### B. Judicial Misconduct

Because of the trial judge's previous encounter with the Petitioner in a prior unrelated case, Petitioner claims that he was subjected to prejudice and bias by the trial court which led to the imposition of an excessive term of imprisonment and should have resulted in his recusal. Petitioner's claim is based upon the trial judge's comments in Petitioner's 1993 criminal proceeding and his reference to Petitioner's criminal history during the trial court proceedings relevant to this case.

The Court does not find these comments to be biased, prejudicial or personal so as to

demonstrate any misconduct on the trial court's behalf in its presiding over and sentencing in this matter. The trial judge's actions and comments in this case would not persuade jurists of reason that their decision was wrong or debateable relative to the legitimacy of the trial court's actions in this case. Petitioner has not made a substantial showing that he was denied his constitutional right to a fair trial. Consequently, this issue is also not certifiable for appeal.

**C. Excessive Sentence Claim**

Petitioner asserts that the trial court departed upward from the sentencing guidelines without stating a "substantial and compelling reason as required by MCL §769.34. Petitioner attempts to raise a federal claim by arguing that the trial court's departure from the initial prison term of 4 - 15 years, recommended by the probation department, was excessive and in violation of *Blakely v. Washington,* 542 U.S. 296 (2004). Petitioner's original sentence was 120 months (10 years) - 180 months (15 years), which was subsequently reduced to 7 ½ years to 15 years.

A certificate of appealability must be denied relative to this issue for 4 reasons. First, the State of Michigan has an *indeterminate* sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge but is set by law. See, *People v. Claypool,* 470 Mich. 715, 729; 684 N.W. 2d 278 (2004). Therefore, under Michigan law, the trial judge sets the minimum sentence. *Id.* The *Blakely* Court specifically limited its holding to *determinate* sentencing schemes. *Blakely v. Washington,* 442 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, Petitioner's reliance on the trial court's deviation from the probation officer's recommended prison term did not violate his federal constitutional rights. Further the Michigan Supreme Court has held that *Blakely* is inapplicable to the Michigan sentencing guidelines. *People*

6

*v. Claypool,* 470 Mich. at 730. Therefore, Petitioner's *Blakely* and corresponding *Apprendi*[1] argument must fail.

Second, Petitioner was convicted as an habitual offender. Therefore, by their very terms, the state sentencing guidelines do not apply to habitual offenders. *People v. Colon,* 250 Mich. App. 59, 64-66; 644 N.W.2d 790 (2002). Therefore, filing an appeal raising this issue would be futile.

Third, Petitioner was convicted on December 3, 2001. *Blakely* was decided in 2004. Since Petitioner is in effect challenging his sentence, or in the alternative raising an ineffective assistance of counsel claim for the issue not being raised at trial, the non-retroactivity rules set forth in *Teague v. Lane,* 489 U.S. 288 (1989), become applicable. *Teague* states the "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Teague v. Lane,* 489 U.S. at 310. Although there are 2 exceptions to this rule[2], the Court does not find them applicable, thus vitiating Petitioner's assertion that he can make a substantial showing of the denial of a federal constitutional right when the law he claims is applicable to support his position cannot be used as authority to substantiate his claim. Accordingly, a reasonable jurists would not find this Court's

---

[1]*Apprendi v. New Jersey* 530 U.S. 466, 490 (2000) (*Apprendi* and its progeny only apply when judicial fact- finding has the effect of increasing a maximum sentence. Since the Supreme Court held in *Blakely* that the judicial fact- finding in indeterminate sentencing systems does not invade the province of the jury, the *Apprendi* line of cases has no application in the Michigan sentencing system as there has been no constitutional violation).

[2]The first *Teague* exception states that "a new rule should be applied retroactively if it places [particular conduct] beyond the power of the criminal lawmaking authority to proscribe" *Teague v. Lane,* 489 U.S. at 311. The second *Teague* exception includes only new "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin,* 542 U.S. 352 (2004).

assessment of Petitioner's claim debateable or wrong in light of the foregoing.

Finally, "Defendant's argument that the trial court erred in sentencing him to a minimum sentence of 120 months more than twice the sentencing guideline range of 14 - 58 months, is moot because this Court remanded the case for resentencing and the resentencing was the relief defendant requested in his initial brief on appeal." *People v. Holder,* No. 238501, n.3, 2003 WL 22138282 (Mich. Ct. App. Sept. 16, 2003)(per curiam). Therefore, since, Petitioner has already sought and received a remedy for this claim, the standard necessary to receive a certificate of appealability is not met.

### D. Application to Proceed *In Forma Pauperis*

Upon the Court's review of Petitioner's "Application to Proceed with an Appeal Without Prepayment of Fees and Costs and Authorization to Withdraw Funds from Trust Fund Account," the Court finds that Petitioner has complied with Fed. R. App. P. 24(a) which requires him to file the motion with an affidavit showing his inability to file the required fees, a statement indicating his belief that he is entitled to redress and a statement of the issue(s) he intends to present on appeal. This Court is not required to address whether the instant appeal is taken in good faith because Petitioner did not proceed *in forma pauperis* in the district court. *See, 28 U.S.C. §2254; Fed. R. App. Proc. 24(a)(3).*

Since Petitioner's Motion is in procedural compliance with the federal rules of appellate procedure, the Court finds that Petitioner's request for *in forma pauperis* status is granted.

### V. Conclusion

For the reasons set forth above, the Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right relative to any of the issues presented; and therefore these issues are not certifiable for appeal. Moreover, Petitioner's request to proceed *in forma pauperis* is granted for the above set forth reasons.

Accordingly,

IT IS HEREBY ORDERED that Petitioner's Motion for Certificate of Appealability **[Docket No: 30-1, filed March 22, 2007]** is **DENIED.**

IT IS FURTHER ORDERED that Petitioner's Application to Proceed with an Appeal Without Prepayment of Fees and Costs and Authorization to Withdraw Funds from Trust Fund Account **[Docket No: 32-1, filed March 22, 2007]** is **GRANTED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 16, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on July 16, 2007.

s/Carol A. Pinegar
Deputy Clerk